**The document below is hereby signed.**

**Dated: June 3, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

In re                          )
                               )
GERALD HENNEGHAN,              )    Case No. 11-00673
                               )    (Chapter 7)
          Debtor.              )    Not for Publication in
                                    West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S
EMERGENCY MOTION FOR AN EXPEDITED HEARING AND TO IMPOSE STAY

The debtor has filed an *Emergency Motion for an Expedited Hearing on His Motion to Convert His Chapter 7 Petition to Chapter 13 Petition and Motion to Impose Stay* (Dkt. No. 47).

I

The debtor has filed two prior cases that were dismissed within the year preceding the commencement of this case, thus triggering the provisions of 11 U.S.C. § 362(c)(4), with the consequence that under § 362(c)(4)(A) the automatic stay did not go into effect in this case. Under § 362(c)(4)(B), subject to certain conditions, the court can order the stay to take effect "if, within 30 days after the filing of the later case, a party in interest requests" such relief. The debtor's motion was not filed within that statutory 30-day window. Accordingly, the

court cannot impose the automatic stay pursuant to the debtor's motion.

The debtor has failed to proceed in a procedurally correct fashion to seek injunctive relief under 11 U.S.C. § 105.  *See* Fed. R. Bankr. P. 7001.  Even if his motion were properly before the court and § 362(c)(4) would not not bar seeking an independent injunction, it is doubtful that injunctive relief would be appropriate given his failure diligently to comply with his obligations in this chapter 7 case (including failing to file schedules in a procedurally correct fashion after they were stricken and failing to appear for a meeting of creditors), and his failure to set forth facts establishing sufficient income after expenses with which to fund a chapter 13 plan.

II

As to seeking an emergency hearing on Henneghan's motion to convert this case to chapter 13, an emergency hearing is unwarranted.  He contends that an emergency exists because his electrical service has been disconnected and because he is not contractually obligated to the electrical utility, PEPCO.[1]  Those grounds do not establish a need for an emergency hearing on the motion to convert the case to chapter 13: if the debtor were to seek injunctive relief in a procedurally correct fashion, it is

---

[1]  He does not explain how he has been entitled to receive electrical service if there has been no obligation on his part to pay for electrical service received.

2

unnecessary for the case to have been converted to chapter 13 in order for the debtor to advance an argument that in chapter 13 he will be entitled to a re-connection of electrical service.

III

It is thus

ORDERED that the debtor's *Emergency Motion for an Expedited Hearing on His Motion to Convert His Chapter 7 Petition to Chapter 13 Petition and Motion to Impose Stay* (Dkt. No. 47) is DENIED.

[Signed and dated above.]


Copies to: Debtor; recipients of e-notification of orders.